## Jerome Davis v. Oliver Herbert.

1. DRAINAGE—*Effect of Abandonment of Part of a Ditch.*—A ditch throughout its entire length, should be considered as one ditch, and the abandonment of material portions of it before the expiration of the twenty years necessary to give a right to its use by prescription, operates to prevent the completion of that right as to other parts of the ditch.

**Trespass on the Case,** for filling a ditch. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

MILLS BROS., attorneys for appellant.

W. C. JOHNS, attorney for appellee.

OPINION PER CURIAM.

Appellant and appellee owned adjoining tracts of land.

Appellee constructed a dam in a ditch which led across both tracts and thereby, as appellant alleged, obstructed the flow of the water and caused it to stand upon and destroy his crops.

He brought this action to recover damages caused as he alleged by the water thus caused to remain upon his lands.

He was defeated and has appealed to this court.

The lands of appellee were in general conformation lower than that of appellant, but there was no water-course or general depression in it into which water collected by appellant upon his land could be discharged in greater quantity than it would otherwise have flowed.

But appellant's contention was that a ditch had been dug in the land of appellee and maintained there for more than twenty years, and that during that period of time by consent of the owners of appellee's tract, the appellant and the former owners of his tract had, in the course of good husbandry, collected the water falling or being upon their lands and discharged it into that ditch in greater quantity than otherwise would have flowed in that particular place, and the claim of the appellant was that he obtained an easement by prescription to continue to so discharge the waters from his tract.

It appeared, however, that the ditch upon the tract owned by appellee was part of a continuous line of ditch which passed partly through appellant's tract, through the lands of the appellee, and thence north through other tracts until a water-course was reached into which the waters were

emptied, and that some years before the expiration of the term of twenty years the owners of the lands north of appellee's premises had filled up that part of the ditch in their respective properties, and that the ditch, treated as a continuous line—one improvement—had not existed for a period of twenty years.

The position of the appellant was that the ditch so far as it extended across appellee's land had existed there for twenty years and that an easement accrued in his favor to have perpetual use of that part of the ditch on the land of appellee.

The Circuit Court did not accept this view of the case but held, and rightly, as we think, that the ditch throughout its entire length should be considered as one ditch, and that the abandonment of material portions of it before the expiration of the twenty years operated to prevent the completion of the prescriptive right sought to be availed of by the appellant..

Hence it followed the appellee had lawful right to close up the ditch upon his land, which, when done, left the respective tracts subject to action of natural laws so far as the matter of the drainage of the water upon them was concerned.

The ditch was constructed by parol mutual license of the various persons interested at the time of its construction and at the respective dates when certain of the licensees filled up the parts of the ditch upon their respective premises. Such licenses were revocable at the pleasure of the licenser.

The act of the legislature, approved June 4, 1889 (S. & C. Statutes, 3d Vol., page 475), abrogated this common law right of revocation or restricted it, but previous to its enactment, and during the periods of time here involved, the common law right of revocation was the rule.

We think the trial court properly held the appellee had the right to close up that portion of the ditch which was upon his premises, and that the appellant had no right of action against him.

The judgment is affirmed.